IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | |
|---|---|
| RON KINGSTON CONTRACTING INC., d/b/a K & K CONSTRUCTION AND DISASTER SERVICES, INC. and d/b/a KINGSTON CONSTRUCTION,<br><br>Plaintiff,<br><br>vs.<br><br>CAHABA DISASTER RECOVERY LLC.,<br><br>Defendant. | No. 3:13CV00154 SWW |

**Opinion and Order**

This case involves an action for breach of contract for failure to pay sums due and owing under various disaster recovery agreements. Defendant filed a motion to compel arbitration to which plaintiff responded. Defendant filed a reply to the response. For the reasons stated below, the motion is granted.

I.

Defendant, an Alabama company, entered into various agreements with plaintiff, an Arkansas corporation, to act as a subcontractor for purposes of removal of storm debris. On or about December 22, 2008, the parties entered into a subcontract for the removal of storm debris in Plaquemines Parish, Louisiana ("Plaquemines Contract"). Plaintiff claims it performed services pursuant to this contract but defendant failed to reimburse plaintiff for its services. On or about May 1, 2009, the parties entered into a contract for storm debris removal in and around East Bay, Texas ("East Bay Contract"). Plaintiff claims defendant failed to reimburse it in full for those services. Both those contracts had arbitration clauses.

On or about August 4, 2011, the parties entered into a Master Subcontract Agreement, under which plaintiff performed disaster recovery services in several different geographical locations, including Pamlico County, North Carolina ("Pamlico Contract"); Pendleton County, Kentucky ("Pendleton Contract"); and Southern Shores, North Carolina ("Southern Shores Contract"). The Master Subcontract Agreement included an arbitration clause. Plaintiff also performed services for defendant in Clay County, Mississippi ("Clay Contract"). Plaintiff alleges defendant owes it money for work performed under all these contracts.

Plaintiff filed this action in state court. Defendant removed the action to federal court based on diversity. Defendant moves the Court to stay the action pending arbitration or dismiss plaintiff's claims against it.

II.

All of the contracts at issue contain arbitration clauses. The Plaquemines Contract has an arbitration clause that reads as follows:

> Any dispute arising from the execution of the agreement will be subject to settlement through binding arbitration in accordance with __ law. The venue for any dispute shall be ____ County, _____.

Compl., Ex.1, § XIII (blanks in the original). The East Bay Contract states, in relevant part:

> Any disputes arising from the execution of the agreement will be subject to settlement through binding arbitration in accordance with AL law. The venue for any dispute shall be in Mobile County, Mobile, Alabama.

*Id.*, Ex. 2, §§ XIV. The Master Subcontract Agreement that covers the Pamlico, Pendleton and Southern Shores Contracts, and arguably the Clay Contract, provides, in relevant part:

> Prior to the institution of any legal claim by Subcontractor, the parties shall submit to non-binding mediation before a neutral mediator. Subject to Contractor's written consent, Subcontractor hereby stipulates, consents and agrees to resolve all

2

>claims and disputes arising out of or relating to this Subcontract and Subcontractor's work through binding arbitration to be held in Mobile, Alabama utilizing the American Arbitration Association's Commercial Arbitration Rule R-1 through R-54, and specifically including the right to conduct full discovery prior to any trial or hearing.

*Id.*, Ex. 3, § 26.

The Federal Arbitration Act, 9 U.S.C. §§ 1-14 ("FAA") "requires courts to enforce privately negotiated agreements to arbitrate, like other contracts, in accordance with their terms." *Volt Information Sciences, Inc. v. Bd. of Trustees of the Leland Stanford Junior Univ.,* 489 U.S. 468, 478 (1989). "Section 2 of the FAA provides that '[a] written provision in any ... contract ... to settle by arbitration a controversy thereafter arising out of such contract ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.' The Supreme Court has stated repeatedly that this provision establishes a 'liberal federal policy favoring arbitration agreements.'" *Owen v. Bristol Care, Inc.*, 702 F.3d 1050, 1052 (8th Cir. 2013)(internal citations omitted). "A motion to compel arbitration must be granted 'if a valid arbitration clause exists which encompasses the dispute between the parties.'" *M.A. Mortenson Co. v. Saunders Concrete Co.*, 676 F.3d 1153, 1156-7 (8th Cir. 2012)(citation omitted).

Plaintiff argues that defendant waived its right to arbitrate under the Master Subcontract Agreement because it did not fulfill a condition precedent by consenting in writing to arbitration. Plaintiff complains defendant refused to communicate with plaintiff before this action was filed, other than promising to pay plaintiff, which defendant did not do. Plaintiff argues that it was prejudiced by defendant's failure to pay and then refusal to communicate, and that the Court

should find defendant waived its right to arbitration under the Master Subcontract Agreement.

"In light of the strong federal policy in favor of arbitration, any doubts concerning waiver of arbitrability should be resolved in favor of arbitration." *Ritzel Commc'ns, Inc. v. Mid-American Cellular Tel. Co.*, 989 F.2d 966, 968-9 (8th Cir. 1993). A party waives its right to arbitrate when it "(1) knew of its existing right to arbitration; (2) acted inconsistently with that right; and (3) prejudiced the other party by its inconsistent actions." *Dumont v. Saskatchewan Gov't Ins. (SGI)*, 258 F.3d 880, 886 (8th Cir. 2001).

Here, both parties knew of their right to arbitration. "'A party acts inconsistently with its right to arbitrate if the party substantially invokes the litigation machinery before asserting its arbitration right.'" *Erdman Co. v. Phoenix Land & Acquisition, LLC*, 650 F.3d 1115, 1118 (8th Cir. 2011)(internal citation omitted). "A party substantially invokes the litigation machinery when, for example, it files a lawsuit on arbitrable claims, engages in extensive discovery, or fails to move to compel arbitration and stay litigation in a timely manner." *Southeastern Stud & Components, Inc. v. American Eagle Design Build Studios, LLC*, 588 F.3d 963, 968 (8th Cir. 2009)(internal quotation and citation omitted). Here, defendant asserted in its answer that the contracts at issue contained enforceable arbitration provisions and filed a motion to compel arbitration approximately one month after filing its answer. "Prejudice may result from lost evidence, duplication of efforts, use of discovery methods unavailable in arbitration, or litigation of substantial issues going to the merits." *Stifel, Nicolaus & Co. v. Freeman*, 924 F.2d 157, 159 (8th Cir. 1991)(citations omitted). Plaintiff fails to explain how it was prejudiced by defendant's actions. There is no contention plaintiff contacted defendant to demand arbitration or that it communicated to defendant that it would file suit if arbitration did not occur. The Court finds that

defendant did not waive its right to arbitration and by its motion to compel consents to arbitration.

As to the Plaquemines and East Bay Contracts, plaintiff argues its allegations that defendant failed to pay sums due for the work performed do not concern the "execution of the agreement." Therefore, the arbitration clauses in those contracts do not cover the disputes raised in the lawsuit before the Court. "'When deciding whether the parties agreed to arbitrate a certain matter ..., courts generally ... should apply ordinary state-law principles that govern the formation of contracts.'" *Hudson v. ConAgra Poultry Co.*, 484 F.3d 496, 500 (8th Cir. 2007)(citation omitted). "In conducting an inquiry into whether claims come within the arbitration clause, the district court does not reach the potential merits of any claim but construes the clause liberally, resolving any doubts in favor of arbitration and the motion 'unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.'" *3M Co. v. Amtex Sec., Inc.*, 542 F.3d 1193, 1199 (8th Cir. 2008)(internal citations omitted). "Although a party may not be compelled to arbitrate a dispute unless it has agreed to do so, the 'liberal federal policy favoring arbitration agreements' requires that a district court send a claim to arbitration when presented with a broad arbitration clause . . . as long as the underlying factual allegations simply 'touch matters covered by' the arbitration provision." *Id.*(internal citations omitted). The Court finds the "execution of the agreement" encompasses performance by both sides, including payment for services. Thus, the arbitration clauses in the Plaquemines and East Bay Contracts are applicable to the dispute.

Plaintiff asserts the Clay Contract was not a written agreement and the parties never agreed to arbitrate anything pertaining to that contract. Defendant, however, points out that in its

complaint, plaintiff states that the defendant performed services in 2011 in Clay County "pursuant to the Master Subcontract Agreement." Compl. ¶ 16. In addition, the Master Subcontract Agreement provides: "This subcontract is issued on an annual basis and, unless otherwise noted, shall apply on all projects performed by Subcontractor for Contractor." *Id.*, Ex. 3 at 1. The Court finds the Clay Contract is subject to arbitration pursuant to the Master Subcontract Agreement

Defendant moves the Court to stay this action pending arbitration in Mobile, Alabama or dismiss the case in its entirety. Plaintiff asserts that if the Court orders arbitration, entering a stay is appropriate. Plaintiff also argues the Court should require the parties to arbitrate in Arkansas in the interests of judicial economy. "The FAA generally requires a federal district court to stay an action pending an arbitration, rather than to dismiss it." *Green v. SuperShuttle Int'l, Inc.*, 653 F.3d 766, 769 (8th Cir. 2011). The Eighth Circuit recognized, however, a "judicially-created exception to the general rule which indicates district courts may, in their discretion, dismiss an action rather than stay where it is clear the entire controversy between the parties will be resolved by arbitration." *Id.*, at 769-70.

The Court finds, pursuant to 9 U.S.C. § 3 that this matter should be stayed pending arbitration. Because all of the contracts except one, which is left blank, designate Mobile, Alabama, as the arbitration location, the Court finds the claims should be arbitrated in Mobile, Alabama.

III.

IT IS THEREFORE ORDERED that defendant's motion to compel arbitration [EFC No. 4]

is granted. This case is hereby stayed pending the outcome of arbitration. The Clerk is directed to administratively terminate this case. The parties may move the Court to reopen the case within thirty (30) days from the date the arbitration is concluded.

DATED this 3rd day of September, 2013.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE