IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| RON KINGSTON CONTRACTING INC., | * | |
| d/b/a K & K CONSTRUCTION AND | * | |
| DISASTER SERVICES, INC. and d/b/a | * | |
| KINGSTON CONSTRUCTION, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | No. 3:13CV00154 SWW |
| | * | |
| CAHABA DISASTER RECOVERY LLC., | * | |
| | * | |
| Defendant. | * | |

**Opinion and Order**

On September 3, 2013, the Court granted Defendant Cahaba Disaster Recovery LLC's ("Cahaba") motion to compel arbitration. The arbitrator held an evidentiary hearing in December 2014 and entered an ex-parte award to Plaintiff Ron Kingston Contracting Inc. ("Kingston"). Kingston moves the Court to reopen the case, confirm the arbitration award, and enter judgment. Cahaba responded in opposition to the motion and Kingston filed a reply. Cahaba filed a response to Kingston's reply. For the reasons stated below, the motion is denied.

On September 8, 2014, the American Arbitration Association ("AAA") acknowledged by electronic mail the receipt of the parties' Demand for Arbitration.[1] The AAA set the hearing in Mobile, Alabama, and a deadline for Cahaba to file an answer. The AAA email was addressed to Kingston's attorney, Robert F. Thompson, and Cahaba's attorney, Jess Askew III. On November 12, 2014, the arbitrator held a preliminary hearing by conference call; Cahaba did not appear. On November 13, 2014, the arbitrator issued a report and a scheduling order which set a hearing for

---

[1] Kingston filed the demand for arbitration.

December 16, 2014. On December 3, 2014, a notice of hearing was sent to the parties' attorneys by email. On December 19, 2014, the arbitrator entered an ex-parte award of $466,193.36. Kingston moves the Court to confirm the arbitration award, asserting that Cahaba, in spite of having notice of all hearings and filings, refused to participate in the arbitration process. In response, Cahaba asserts Kingston failed to notify it of the arbitration proceedings in violation of Cahaba's due process rights and the AAA's internal rules and procedures.

Mr. Stewart G. Fuzzell, Jr. was the owner and registered agent of Cahaba. In January 2013, Cahaba sold its assets to DRC Emergency Services, LLC ("DRC") and Fuzzell became a contract employee of DRC. Cahaba and DRC shared the same business address on Springhill Avenue in Mobile, Alabama, and Fuzzell continued to maintain an office at that address until his termination. On the day Kingston filed its demand for arbitration, September 2, 2014, Fuzzell was terminated. The next day, Kingston's attorney, Robert F. Thompson, III, sent by email a copy of the documents he filed with the AAA to Jess Askew, an attorney who had represented Cahaba when Kingston filed its original complaint. Mr. Askew had changed law firms since the case was originally filed and he told Thompson that he was not sure that he still represented Cahaba and that any attempt to serve papers on Askew would not be effective.[2]

On September 9, 2014, Thompson sent the Demand for Arbitration and an acknowledgment letter from AAA to Bonnie Johnson and Alec Gaines, attorneys from Askew's former law firm who had entered an appearance with Askew when the lawsuit was filed. Ms. Johnson responded the following day that she and Gaines no longer represented Cahaba and suggested that Thompson contact W. Cameron Parsons, a lawyer in Tuscaloosa, Alabama. Rather

---

[2] Cahaba hired Askew and his new law firm to represent it in connection with the motion now before the Court.

than contact Parsons, Thompson sent the documents by certified mail on September 10, 2014, to Fuzzell as the registered agent for service of process. According to Fuzzell, he never received the mail even though a person named Ann Faris signed for those documents as his agent. Mr. Fuzzell says he never authorized anyone at DRC to accept mail addressed to him personally or to Cahaba, no one at DRC notified him of the receipt of the documents, and he was no longer associated with the Springhill Avenue address.

The AAA continued to send various emails to Askew at his previous law firm email address and to send letters to Fuzzell at the Springhill Avenue address where he no longer worked. Mr. Thompson also mailed correspondence to Fuzzell at the Springhill Avenue address even though he never heard from Fuzzell.

Cahaba argues that Kingston failed to properly notify it of the arbitration proceedings in violation of its right to due process and the AAA's internal arbitration rules. Citing *Mullane Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 315 (1950), Cahaba argues that a party cannot merely send notice to an address that a party knows or has reason to believe will not reach its intended recipient. Cahaba contends Kingston knew or had sufficient reason to know that its notices were not reaching Cahaba. Mr. Thompson knew that Cahaba's former attorneys were not representing Cahaba and those attorneys gave him contact information for an attorney in Alabama. Mr. Thompson never contacted that attorney. Mr. Fuzzell did not personally sign for the certified mail sent to the Springhill Avenue address, and Cahaba contends Kingston should have questioned the validity of that address considering that the Arkansas Secretary of State's website shows that Cahaba's license had been revoked. Cahaba argues Kingston should have attempted alternate ways to establish contact with Cahaba, including using information from Cahaba's website, which listed a email address, fax number, and telephone number. Cahaba

notes the AAA and Thompson consistently used an expired, nonexistent email address for Askew on correspondence to Kingston and Cahaba. Lastly, Cahaba argues there is no other reasonable explanation for why Cahaba, an Alabama corporation, would hire counsel, appear, and litigate for arbitration and then not appear, except that it never received notice of the arbitration. Cahaba asserts that Kingston's failure to notify it violated the AAA's internal arbitration rules that require that a party have reasonable opportunity to be heard regarding the dispute.

In reply, Kingston states Fuzzell is listed as the registered agent for Cahaba at the Springhill address on the Alabama Secretary of State's website and the address is the same on Cahaba's wesbite. The AAA rules require that the party filing an arbitration demand "provide a copy of the Demand and any supporting documents to the opposing party" and that "[a]ny papers, notices or process necessary or proper for the initiation or continuation of an arbitration . . . may be served by mail addressed to the party or its representative at the last known address . . ."[3] Kingston asserts he had no reason to think the Springhill address was not a good one or that Cahaba was not receiving the notices.

Rule R-43 of the American Arbitration Associationls Commercial Arbitration Rules provides:

> Any papers, notices or process necessary or proper for the initiation or continuation of an arbitration under these rules . . . may be served by mail addressed to the party or its representative at the last known address or by personal service, in or outside the state where the arbitration is to be held, provided that reasonable opportunity to be heard with regard to the dispute is or has been granted to the party.

Cahaba argues it did not have a reasonable opportunity to be heard because it was unaware of the

---

[3] Pl's. Reply to Def's. Resp. to Mot. to Reopen and Confirm Award, Ex 4 (AAA Rules and Mediation Procedures) at 12 (R-5(g) and at 26 (R-43).

proceedings. Kingston provides no explanation for why it did not attempt to contact the attorney in Tuscaloosa or continued to provide notice to an attorney, Mr. Askew, who told Kingston's attorney he was not on the case. There is no evidence Kingston sent notices that required Fuzzell's signature.

Although Kingston cites *NWI Consulting, LLC v. Ragab*, 2014 WL 3579598 (E.D. Tenn. February 28 2014) for the proposition that the Court should give deference to the arbitrator's finding that Cahaba received "due notice," the Court finds the facts are not similar. In *Ragab*, the respondent provided an address where he said he preferred to receive mail from petitioner and he said the notices were timely sent and received there. The petitioner also used alternative means to provide notice and sent subpoenas and notices to respondent's employers. The respondent admitted that despite knowing the arbitration had commenced, he did not read his mail in a timely manner. "The Court can only conclude that the Respondent was either willfully ignorant or grossly negligent in not reading the AAA notices which arrived at his Pulaski, New York address. In either event, the Court finds that the AAA notice requirement were met in this case, as they do not require that the notices be 'personally' served on Respondent . . ." 2014 WL 3579598 at *6.

Here, there is no evidence that Cahaba knew about and/or intentionally failed to participate in the arbitration procedure. Because the Court finds Cahaba did not have a reasonable opportunity to be heard, the motion [ECF No. 12] is denied.

SO ORDERED this 23rd day of March, 2015.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE